U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 8 2015

TONY R. MOORE, CLERK
BY ___YT___
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| BRIAN ROBERTS,<br>　　Plaintiff<br><br>VERSUS<br><br>VALERIE MARSHALL, et al.,<br>　　Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-00319<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
---

Before the court is a complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Brian Roberts ("Roberts") on February 8, 2013 and amended on July 12, 2013 (Doc. 11). The named defendants are Valerie Marshall ("Marshall") (the food service manager employed by the Trinity Services Group to work at the Winn Correctional Center ("WCC") in Winnfield, Louisiana), Nicole Walker ("Walker") (an assistant warden at WCC), and Jennifer Allen ("Allen") (the food service dietician employed by the Trinity Services Group at WCC). Robert contends that, while he was confined in the WCC in 2011 and 2012, he was denied medical care by being forced to work beyond his medical duty status.

Roberts alleges that, in November 2011 through October 2012, he was assigned to work in the cafeteria by Warden Walker, was placed on the "juice line" by Marshall, and was told he would be "written up" for refusing a direct verbal order and an aggravated work offense by Marshall and Allen, despite the fact that working

in the juice line violated his duty status. Roberts contends he could not lift anything heavy with his right arm due to pins and a rod in his wrist and forearm, but that work in the "juice line" required him to lift and carry 200 liter juice containers which weighed about fifty pounds (Doc. 1). Roberts contends he was threatened by Marshall and Allen with being written up when he tried to speak to them about his duty status (Doc. 1).

Roberts alleges that he injured his right arm while lifting a full container with another inmate on July 21, 2012, was treated by a physician at Huey P. Long Hospital and was given a "lay-in" for one week (Doc. 1). Roberts contends he injured his right arm again on August 13, 2012, so Nurse Gaskill told Allen that Roberts was not supposed to be lifting anything heavy and to take Roberts off the juice line (Doc. 1). Roberts contends Allen ignored Nurse Gaskill and left Roberts on the juice line (Doc. 1). On October 18, 2012, dietician Lawrence ordered Roberts to put a juice container on the counter, Roberts told him he could not lift it, but Lawrence insisted and Roberts injured his arm a third time (Doc. 1). Roberts submitted an affidavit by inmate Michael Smith, who attests that Roberts was given a direct verbal order to place a juice container on the juice line on October 18, 2012 (Doc. 1). Roberts contends he was treated in the infirmary, and Nurse Gaskill called the kitchen again and told dietician Allen that she was removing Roberts from the kitchen because they were not honoring

his duty status (Doc. 1).

Roberts contends that, as a result of being forced to lift the juice containers, he is suffering chronic pain, limited flexibility, limited range of motion, and swelling and light bruising in his right forearm.

For relief, Roberts asks for a jury trial, monetary damages, and a declaratory judgment (Doc. 1). Roberts is presently confined in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

Walker and Marshall answered the complaint (Docs. 18, 25). Marshall and Walker filed motions for summary judgment (Docs. 45, 52), Roberts filed a cross-motion for summary judgment (Doc. 48), and Marshall, Walker, and Roberts filed responses (Docs. 55, 57, 59). The parties' motions for summary judgment are now before the court for disposition.

Law and Analysis

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the

motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap,

4

862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Valerie Marshall

Marshall argues that a summary judgment should be granted in her favor because Roberts is not entitled to compensatory damages under 42 U.S.C. § 1997e(e), Marshall cannot be held liable in her supervisory capacity, Roberts has not alleged an Eighth Amendment violation, Marshall did not knowingly disregard a risk to Robert's health or safety, punitive damages are inappropriate, and Roberts failed to properly serve a response to Marshall's request for production of a document as ordered by the court (Doc. 45).

Marshall states in an affidavit that Roberts was a dining hall orderly, assigned to wipe down tables, and that inmates other than Roberts were assigned to life the empty juice containers and to place the full juice containers on the table (Doc. 45, Ex. 2). Roberts states in his complaint that he was assigned to the kitchen as a dining hall orderly, but Marshall placed him on the "juice line" (Doc. 1).

Marshall contends Roberts is not entitled to compensatory damages because he has not alleged or proven an injury that is more than de minimis. The medical records (Doc. 40) show that Roberts

was cleared for kitchen duty with the restrictions that he could wear a brace on his right wrist and that he not lift anything with his right arm (Doc. 40, Ex. 1, p. 11/22). When Roberts was injured in July 2012 (a juice bottle fell on his arm), the infirmary found that Roberts had a good grip bilaterally but the top center of his right forearm was swollen and he complained of pain and tingling from his elbow to his fingers, so Roberts was sent to Huey P. Long Hospital (Doc. 40, Ex. 1, pp. 14, 17/22; Doc. 61, pp. 8-15/19; Doc. 62, pp. 85-/165). At the hospital, Roberts was diagnosed with a contusion, for which he was told to apply ice for twenty minutes four times daily until the contusion resolved (Doc. 61, p. 15/19).

In August 2012, Roberts complained of right wrist pain from lifting the juice containers (Doc. 62, pp. 80-83/165). The nurse found Roberts had a full range of motion, no visible abnormality, good hand strength and an adequate grip, and found no treatment was needed (Doc. 62, pp. 83/165).

When Roberts injured his right arm (lifting a juice container) in the kitchen in October 2012, the nurse did not see any visible abnormality, found that Roberts had a full range of motion, and prescribed Motrin (Doc. 62, pp. 92-94/165). Roberts was also denied clearance to work in the kitchen thereafter (Doc. 62, p. 94/165).

Roberts' worst injury was a contusion. A contusion that is treated only with ice does not rise to the level of a serious

medical need for purposes of constitutional analysis. Roberts has not alleged an injury which is more than de minimis. Therefore, even assuming he was ordered to lift fifty pound juice containers in violation of his medical duty status, Roberts has not shown that he suffered an injury thereby that is cognizable under the Eighth Amendment. The medical records do not support Roberts' claim of ongoing symptoms.

Moreover, although Roberts may have been assigned to work on the juice line, a first step grievance response (Doc. 62, pp. 5-6/165) and Marshall's affidavit (Doc. 45, Ex. 3) show that the juice container is changed out by the use of two inmates (other than Roberts), so there was no reason for Roberts to have attempted the task and no one had instructed Roberts to do so. Marshall states in her affidavit that she may have told Roberts he could be written up for not completing his assigned work duties (Doc. 45, Ex. 3). Although Roberts contends that "dietician Lawrence" ordered him to lift a juice container in October 2012, Roberts does not contend that Marshall ever did so (Doc. 1). Instead, Roberts only alleges that Marshall left him on the juice line, and threatened to write him up if he did not do his work. However, since juice containers were supposed to be lifted by two other inmates, and not by Roberts, working on the juice line would not have violated Roberts' duty status. Roberts has not alleged or shown that Marshall participated or acquiesced in any orders for

7

lift the juice containers.

Marshall also argues that she cannot be held vicariously liable as a supervisor. The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443 (1993); Thompkins, 828 F.2d at 303.

Roberts has not alleged or offered any proof of any acts or omissions of Marshall, or any unconstitutional policies implemented by Marshall, which have deprived Roberts of his constitutional rights. Therefore, Marshall's motion for summary judgment should be granted, Roberts' motion for summary judgment should be denied, and Roberts' action for damages against Marshall should be dismissed.

Nicole Walker

Roberts has named Warden Walker as a defendant in this case, apparently in her capacity as a supervisor since he has not made

any specific factual allegations which involve Walker.

Roberts contends only that Warden Walker assigned him to work in the kitchen. Roberts has not alleged or offered any proof of any acts or omissions of Walker, or any unconstitutional policies implemented by Walker, which have deprived Roberts of his constitutional rights. Moreover, as discussed above, Roberts has not shown that he sustained an injury that was more than de minimis as a result of lifting the juice containers.

Therefore, Walker's motion for summary judgment should be granted, Roberts' motion for summary judgment should be denied, and Roberts' action for damages against Walker should be dismissed.

Jennifer Allen

Roberts did not make any allegations concerning Allen except that she threatened to write him up if he did not do his job and she left Roberts on the juice line after he injured his arm in August 2012.

Mere verbal threats or verbal harassment are not actionable under §1983 as violation of constitutional rights. Verbal abuse of an inmate by a custodial officer does not violate an inmate's constitutional rights. Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993), citing McFadden v. Luca, 713 F.2d 143, 146 (5th Cir.), cert. den., 464 U.S. 998, 104 S.Ct. 499 (1983).

Also, as discussed above, Roberts did not suffer an injury that was more than de minimis, and working on the juice line did

9

not violate Roberts' duty status since other inmates were assigned to lift the juice containers.

In any event, Allen is no longer employed by Trinity Services Group, the company does not have a forwarding address for her (Doc. 20), and Allen was never served. See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293 (1994); <u>Systems Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>Kersh v. Derosier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988).

Accordingly, it will be recommended that Roberts' action against Allen be dismissed due to Roberts' failure to state a claim against her that is cognizable under the Eighth Amendment or, in the alternative, pursuant to Fed.R.Civ.P. rule 4(m).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Marshall's motion for summary judgment (Doc. 45) BE GRANTED, that Roberts' motion for summary judgment (Doc. 48) BE DENIED, and that Roberts' action against Marshall be DISMISSED WITH PREJUDICE.

IT IS ALSO RECOMMENDED that Walker's motion for summary judgment (Doc. 52) BE GRANTED, that Roberts' motion for summary judgment (Doc. 48) BE DENIED, and that Roberts' action against Walker be DISMISSED WITH PREJUDICE.

IT IS ALSO RECOMMENDED that Roberts' action against Allen be DISMISSED WITH PREJUDICE or, in the alternative, pursuant to

Fed.R.Civ.P. rule 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of September 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

11